

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

CHARLES A. EVERETTE and
TIA H. EVERETTE,

      **Plaintiffs,**

      v.                                        **CIVIL ACTION NO. 2:12cv18**

BANK OF AMERICA, N.A., and
RECONTRUST COMPANY, N.A.,

      **Defendants.**

### *MEMORANDUM OPINION & ORDER*

Before the Court is Defendants', Bank of America and Recontrust Company, N.A.

(collectively, "Defendants"), Motion to Dismiss, pursuant to Federal Rule of Civil Procedure

12(b)(6), and Plaintiffs', Charles A. Everette and Tia. H. Everette (collectively "Plaintiffs"),

Motion for Leave to Amend the Complaint, pursuant to Federal Rule of Civil Procedure 15(a).  For

the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiffs' Motion

for Leave to Amend the Complaint is **DENIED**.

### I. FACTUAL & PROCEDURAL HISTORY

Plaintiffs own a tract of land located at 802 Gloss Street, in the City of Chesapeake,

Virginia ("the Property"). Compl. ¶ 4.  On October 30, 2006, Plaintiffs entered into a mortgage

loan contract ("the loan") in which they were the borrowers. Compl. ¶ 5.  The loan was

memorialized by a note ("the Note") and secured by a deed of trust ("Deed of Trust"). *Id.*

Steward Title Guaranty was the original trustee under the Deed of Trust, and Recontrust Company

was appointed as Substitute Trustee on November 8, 2011. Compl. ¶¶ 6-7. The Deed of Trust provides the following:

> This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law . . . . ["Applicable Law" is defined as] all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as applicable final, non-appealable judicial opinions.

Compl. ¶¶ 8-9.

In 2010, Plaintiffs began to experience financial hardship and had difficulty making their monthly mortgage payments. *See* Compl. ¶ 12. As a result, a foreclosure sale was scheduled for December 14, 2011. Compl. ¶ 17. Pursuant to the Home Affordable Modification Program ("HAMP"), 12 U.S.C. 5219(a)(1), Plaintiffs applied to Bank of America for a loan modification with the assistance of Heath J. Thompson P.C. ("HJTPC"). Compl. ¶ 14. On November 28, 2011, Plaintiffs learned that there was a scheduled foreclosure date of December 14, 2011 for the Property. Compl. ¶ 17. On November 28, 2011, HJTPC inquired into the status of Plaintiffs' loan modification application and the possibility of postponing the foreclosure sale with two different employees at Bank of America, Sabrina Wilson and Terrance R. Freeman. Compl. ¶¶ 15-16, 18. On November 28, 2011, Mr. Freeman informed HJTPC that the "Sale will be suspended if all docs are received." Compl. ¶ 18. On December 6, 2011, HJTPC again inquired into the status of Plaintiffs' loan modification application, and Mr. Freeman informed them that the application was still under review but that "the sale will be pp until the loan can be reviewed for a modification." Compl. ¶ 19.

On December 12, 2011, Plaintiffs filed suit against Defendants in the Circuit Court for the City of Chesapeake, Virginia, alleging contractual claims arising from Plaintiffs' loan modification

2

application and the pending foreclosure sale of the Property. *See* Notice of Removal, Ex. A ("Complaint & Emergency Petition for Preliminary Injunction"). As of the filing of this suit in Virginia Circuit Court, Plaintiffs had submitted all requested documents for the loan modification to Bank of America but had received no denial, and the foreclosure sale was still scheduled for December 14, 2011. Compl. ¶ 21.

On January 9, 2012, Defendants filed a Notice of Removal with this Court, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, alleging diversity and federal question jurisdiction. On January 17, 2012, Defendants filed a Motion to Dismiss for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On February 22, 2012, Magistrate Judge Douglas E. Miller granted Plaintiffs' Motion for Extension of Time to File Response to Defendants' Motion to Dismiss. Plaintiffs did not respond to Defendants' Motion to Dismiss and instead filed a Motion for Leave to Amend the Complaint on March 14, 2012.

Plaintiffs claim that Bank of America breached implied and express covenants of good faith and fair dealing, pursuant to sections 8.1A-304 and 9.9A-102 of the Code of Virginia. Compl. ¶¶ 22-28. Plaintiffs allege that Bank of America failed to act in good faith by falsely assuring Plaintiffs about the status of their loan modification application as described in HAMP, by failing to consider the Plaintiffs for alternative modification programs, and by failing to meet governmental prerequisites for the foreclosure of the Property. Compl. ¶ 22-24. Plaintiffs further allege that Bank of America's failure to act in good faith and with fair dealing breached the Note and Deed of Trust, thereby rendering the Deed of Trust unenforceable. Compl. ¶¶ 25-26. As a result, Plaintiffs seek both an injunction of the foreclosure and a declaratory judgment that, until

Defendants fully comply with HAMP, the Deed of Trust is unenforceable and any foreclosure sale under that Deed of Trust would be void. Compl. ¶¶ 29-34, 37.

## II. LEGAL STANDARD

A motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of a complaint. Federal Rule of Civil Procedure 8 only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a plaintiff still must provide the Court with more than a mere "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must be supported by factual allegations that raise a right to relief above the speculative level. *Id.* A claim is considered facially plausible when the plaintiff gives the court more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

### A. Motion to Dismiss

#### 1. Breach of Covenants of Good Faith and Fair Dealing

Plaintiffs allege that Bank of America failed to act in good faith by falsely assuring Plaintiffs about the status of their loan modification application as described in HAMP, by failing to consider the Plaintiffs for alternative modification programs, and by failing to meet governmental prerequisites for the foreclosure of the Property. Compl. ¶¶ 22-24.

Many courts have been confronted with plaintiffs asserting rights under HAMP. While plaintiffs in these cases have made various arguments grounded in many different legal theories, the result of these cases is generally the same. Courts across the country, including this Court,

4

have concluded consistently that there is no relief for plaintiffs under HAMP because the program

does not create a private right of action for borrowers against servicers or lenders. *See, e.g., Jones*

*v. Bank of Am. N.A., et al.*, 2:11cv443, slip op. at 7-8 (E.D. Va. Feb. 7, 2012); *Sherman v. Litton*

*Loan Servicing, L.P.*, 796 F. Supp. 2d 753, 761 (E.D. Va. 2011); *Hoffman v. Bank of Am., N.A.*,

No. C 10-2171 SI, 2010 U.S. Dist. LEXIS 70455, at *14-15 (N.D. Cal. June 30, 2010); *Marks v.*

*Bank of Am., N.A.*, No. 3:10-cv-08039, 2010 U.S. Dist. LEXIS 61489-PHX-JAT, at *16 (D. Ariz.

June 21, 2010).

Plaintiffs' claims of breach of the covenant of good faith and the covenant of fair dealing

are effectively claims based upon violations of HAMP. *See Wigod v. Wells Fargo Bank*, No. 10

CV 2348, 2011 WL 250501, at *4 (N.D. Ill. Jan. 25, 2011) (quoting *Vida v. One West Bank,*

*F.S.B.*, No. 10-987, 2010 WL 514873, at *5 (D. Or. Dec. 13, 2010) ("[E]ven though the plaintiff

had couched her claim as one for breach of the Trial Period Plan, 'the facts and allegations as

pleaded in this case are premised chiefly on the terms and procedures set forth via HAMP and are

not sufficiently independent to state a separate state law cause of action for breach of contract.' ")).

Given that courts in this jurisdiction have held consistently that there is no private right of action

under HAMP, this Court will not permit Plaintiffs to bring a HAMP claim under the guise of

claims for breach of the covenants of good faith or fair dealing. Plaintiffs' allegation that a breach

of these covenants occurred when Bank of America "falsely assured" them of the status of their

HAMP application or that Bank of America failed to comply with HAMP by not modifying their

loans cannot be said to be an independent action arising from anything other than HAMP.

Accordingly, Plaintiffs' claims of breach of the covenants of good faith and fair dealing are

**DISMISSED**.

### 2. Preliminary Injunction

Plaintiffs ask the Court for a preliminary injunction to preserve the status quo until the Complaint can be reviewed. In order for the Court to grant a preliminary injunction, the Court must determine whether the moving party can prove "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As the Court concludes that the Plaintiffs' Complaint must be dismissed, the Plaintiffs cannot establish that they are likely to succeed on the merits. Accordingly, Plaintiffs' request for a preliminary injunction is **DENIED**.

### 3. Declaratory Judgment

Plaintiffs seek a declaratory judgment that until the Defendants comply with HAMP, the Deed of Trust is unenforceable and any foreclosure sale under that Deed of Trust would be void. Under Section 8.01-184 of the Code of Virginia, courts have the power to "make binding adjudications of right . . . involving the interpretation of deeds, wills and other instruments of writing, statutes, municipal ordinances and other governmental regulations." "A plaintiff has standing to bring a declaratory judgment proceeding if he has 'a justiciable interest' in the subject matter of the litigation, either in his own right or in a representative capacity." *Bd. Supervisors Henrico Cnty. v. Fralin & Waldron, Inc.*, 222 Va. 218, 223 (1981). Further, "a trial court has the power to issue declaratory judgments in 'cases of actual controversy,' [and] in 'instances of actual antagonistic assertion and denial of right.' " *Id.* Here, there exists no actual controversy between the parties because the Plaintiffs have not stated a claim upon which relief may be granted.[1] Accordingly, Plaintiffs' request for a declaratory judgment is **DENIED**.

---

[1] Defendants also assert that they have canceled the foreclosure sale for the Property. Defs.' Mem. Supp. Mot. Dismiss at 14.

**B. Motion for Leave to Amend the Complaint**

Based on the foregoing, the Court concludes that the Plaintiffs' Motion to Amend the Complaint is futile, as the Plaintiffs have no private right of action against the Defendants where their claims are premised upon violations of HAMP. Further, Plaintiffs failed to comply with this Court's instructions to include a copy of the proposed Amended Complaint with their Motion for Leave to Amend the Complaint. Plaintiffs also failed to comply with this Court's directive to respond to Defendants' Motion to Dismiss notwithstanding their pending Motion for Leave to Amend. Accordingly, Plaintiffs' Motion for Leave to Amend the Complaint is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendants' Motion to Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to Amend/Correct the Complaint is **DENIED**.

Plaintiffs' claims are hereby **DISMISSED** with prejudice.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
April 26, 2012

7